UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIO LONG,

    Petitioner,

v.                                              CASE NO. 8:18-cv-849-WFJ-SPF

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER DENYING PETITION

Petitioner is serving a ten-year sentence out of Polk County, Florida (Tenth Judicial Circuit) for aggravated battery in violation of Fla. Stat. § 784.045. He seeks habeas corpus relief under 28 U.S.C. § 2254. In essence he asserts in his timely petition that the evidence was insufficient to convict him, and the State did not surmount his defense at trial of self defense. Doc. 1. He testified at trial, as did the victim and one eyewitness to the domestic battery. The jury believed the victim. The Court denies the petition as without merit.

### PROCEDURAL HISTORY

After a jury verdict of guilty on his aggravated battery charge, Petitioner was sentenced to ten years in prison as a habitual violent felony offender. Exs. 4,

5.[1]  His appeal was affirmed, per curiam.  *Long v. State*, 175 So. 3d 803 (Fla. 2d DCA 2015).  Ex. 8.

After the direct appeal and various state collateral proceedings, Petitioner filed this federal habeas petition.  Exs. 9–20.  The Respondent concedes timeliness.  Doc. 6 at 2–4.

Respondent urges the Court to deny the petition on the merits or alternately to dismiss the petition as unexhausted.  The most expeditious manner of addressing the petition is to consider the merits.  The merits here are simple and are entirely lacking.  Thus, for this reason the Court denies the petition, consistent with § 2254(b)(2).  *Id*. ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

## DISCUSSION

When considering the merits, the Court is guided by the principle that the action of the state courts must have "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]"  28 U.S.C. § 2254(d)(1).  Or, the state action must have "resulted in a decision that was based on an unreasonable determination of the facts…."  28 U.S.C. § 2254(d)(2).  "An

---

[1] The appendix of the state court records (cited here as "Ex. __") are uploaded as part of the electronic docket at Doc. 7.

*unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (emphasis in original). As long as "some fairminded jurists could agree with the state court's decision, although others might disagree, federal habeas relief must be denied." *Loggins v. Thomas*, 654 F.3d 1204, 1220 (11th Cir. 2011).

In the sole ground for relief, Petitioner complains that insufficient evidence existed at trial to convict him of aggravated battery and this failure violated his constitutional rights. He asserts that denial of his motion for judgment of acquittal for self defense violated his due process rights. He contends that his actions were in defense of self and the contrary jury finding was unconstitutional. In his petition he argues various evidentiary points and inferences in support of his actions as self defense. He argues that the jury was simply wrong on the trial evidence.

This claim is meritless as a habeas argument. A review of the evidence at trial shows the jury's verdict was rational, and the findings of the state circuit court were not contrary to established law nor an unreasonable application of law or finding of fact. Exs. 2, 3. Under *Jackson v. Virginia*, evidence is sufficient if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* 443 U.S. 307, 319 (1979) (emphasis in original) (citation omitted).

Petitioner does not complain of any jury instruction error, or other legal

3

error. He just argues the facts and contends the jury could not have reached a verdict contrary to his version of the events, and asserts his motion for judgment of acquittal was denied unjustly.

In Florida, a factual dispute about self defense goes to the jury. *Dias v. State*, 812 So. 2d 487, 491 (Fla. 4th DCA 2002). As *Jackson* states, it is the duty of the trier of fact, *i.e.*, the jury, "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319.

The trial devolved into a swearing match between the Petitioner and the victim and her daughter. Petitioner testified he was in fear of his life as the victim had a knife and was brandishing it at him. He stated he was trying to retreat out of the house, and he slapped a vase off the television which struck the victim in the head. Ex. 2 at 158–160. The evidence shows this was a domestic quarrel, late at night, with yelling, *etc*.

The victim and her daughter testified that the victim did hold a knife, suggesting this was for protection when Petitioner threatened to kill her. But their testimony was the victim had set the knife down and had come out of her bedroom, at which point Petitioner picked up the vase and struck the victim in the head with it. *Id*. at 91–92, 114, 116–117.

This classic factual battle is what jury trials are for, and that Petitioner was disbelieved is a risk he took when he testified. A jury may believe or disbelieve

4

any plausible set of facts. No constitutional rights were violated in the jury finding, or the state circuit court's submission of this contest to the jury.

The jury finding is supported by the evidence. No grounds exist for relief.

Accordingly, the petition (Doc. 1) is denied. The Clerk is directed to enter judgment against Petitioner and to close the case.

The Court does not grant a certificate of appealability as there is no contested issue here in which reasonable jurists could disagree whether grounds for relief were present. Thus, no appeal *in forma pauperis* will be granted.

**DONE AND ORDERED** at Tampa, Florida, on March 22, 2021.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

**Copies furnished to**:
Counsel of record
Petitioner, *pro se*